UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| TURELL L. BARNES SR.,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>EUGENE SCHNEIDER, et.al.,<br><br>　　　　Defendants. | Case No:  C 13-5333 SBA<br><br>**ORDER DISMISSING ACTION** |

On November 18, 2013, Turell L. Barnes, Sr. ("Plaintiff"), proceeding pro se, commenced the instant civil rights action against Judge Cecilia P. Castellanos ("Judge Castellanos"), Eugene Schneider ("Schneider"), and the State of California (collectively, "Defendants").  Compl., Dkt. 1.  Plaintiff has also filed an application to proceed in forma pauperis ("IFP").  For the reasons set forth below, the Court dismisses the action pursuant to 28 U.S.C. § 1915(e)(2), and denies Plaintiff's IFP application as moot.

**I.    LEGAL STANDARD**

Under 28 U.S.C. § 1915(e)(2), federal courts are authorized to review claims filed IFP prior to service and to dismiss the case at any time if the court determines that:  (1) the allegation of poverty is untrue; (2) the action is frivolous or malicious; (3) the action fails to state a claim; or (4) the action seeks monetary relief from a defendant who is immune from such relief.  A pleading filed by a pro se plaintiff must be liberally construed.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To determine whether an IFP complaint passes muster under § 1915, the Court applies the same standard applicable to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  See Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir.

1998).  A complaint may be dismissed under Rule 12(b)(6) for failure to state a claim if the plaintiff fails to state a cognizable legal theory, or has not alleged sufficient facts to support a cognizable legal theory.  Somers v. Apple, Inc., 729 F.3d 953, 959 (9th Cir. 2013).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' "  Ashcroft v. Iqbal, 556 U.S. 662, 678, (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim has facial plausibility when a plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.

## II.  DISCUSSION

The complaint alleges that an "illegal probate" was filed against Plaintiff's real property[1] by Schneider and his client Armaline Childress.  Compl. ¶ 2.  According to Plaintiff, Schneider failed to provide "Notice of Hearing to any heirs or party of interest, thereby violating the statutory laws that govern Probate."  Id.  The complaint further alleges that Judge Castellanos willfully deprived Plaintiff of rights protected by the Constitution by:  (1) "appointing . . . Schneider as "Special Administer"; (2) "[a]llowing proceeding in a close probate to continue"; and (3) "[d]isregarding to adhere to due process, equal protection and judicial procedures."  Id. ¶ 3.

Plaintiff asserts that "upon the disregards to adhere to due process, equal protection, judicial procedures, [he] was deprived enjoyment of his real property.  Resulting in a[] loss of ownership of the real property and slander of the title, causing an injury in the sum of $1,000,000.00."  Compl. ¶ 5. By this action, Plaintiff seeks, among other things, compensatory damages in the amount of $1,000,000, an order declaring that the judgment entered in the probate matter is "null and void," and an order reflecting that Plaintiff is the owner of the subject property.  Id. at 4.

///

---

[1] The real property is located at 6919 Hamilton Street, Oakland, California.  Compl. ¶ 2.

### A. Rooker-Feldman Doctrine

To the extent Plaintiff seeks to disrupt or undo a prior state-court judgment, his action is barred by the Rooker-Feldman doctrine. See Bianchi v. Rylaarsdam, 334 F.3d 895, 901 (9th Cir. 2003) ("Rooker–Feldman bars any suit that seeks to disrupt or undo a prior state-court judgment. . . .") (quotation marks omitted); Kougasian v. TMSL, Inc., 359 F.3d 1136, 1139 (9th Cir. 2004) (holding that the Rooker-Feldman doctrine bars federal district courts "from exercising subject matter jurisdiction over a suit that is a de facto appeal from a state court judgment."). The above notwithstanding, Plaintiff's claims fail on the merits, for the reasons discussed below.

### B. Claims Against Judge Castellanos

A judge is absolutely immune from civil liability for acts performed in her judicial capacity. See Stump v. Sparkman, 435 U.S. 349, 356-357 (1978) (holding that a judge is absolutely immune from § 1983 damages even if the action he took "was in error, was done maliciously, or was in excess of his authority"); accord Moore v. Brewster, 96 F.3d 1240, 1243 (9th Cir. 1996) (superseded by statute on other grounds). Such immunity extends to claims for damages as well as claims for declaratory, injunctive and other equitable relief. Mullis v. U.S. Bankruptcy Court, 828 F.2d 1385, 1394 (9th Cir. 1987). Here, the claims alleged against Judge Castellanos are predicated on actions she undertook in her judicial capacity in the underlying state court case. Accordingly, because judges are absolutely immune for judicial acts, Plaintiff's claims against Judge Castellanos are DISMISSED without leave to amend. See Harvey v. Waldron, 210 F.3d 1008, 1012 (9th Cir. 2000), overruled on other grounds by Wallace v. Kato, 549 U.S. 384 (2007).

### C. Claims Against Schneider

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988). No liability for constitutional violations may attach to actions undertaken by private individuals. See Van Ort v. Estate of Stanewich, 92

F.3d 831, 835 (9th Cir. 1996). Here, the actions attributed to Schneider were undertaken in his capacity as a lawyer in private practice. Therefore, because Schneider is alleged to have been acting in a private capacity and not under color of state law, Plaintiff cannot state a § 1983 claim against him. See Simmons v. Sacramento County Superior Court, 318 F.3d 1156, 1161 (9th Cir. 2003). Accordingly, the claims alleged against Schneider are DISMISSED without leave to amend.

### D. State of California

Plaintiff's § 1983 claims against the State of California are barred by the Eleventh Amendment. See Dittman v. California, 191 F.3d 1020, 1025-1026 (9th Cir. 1999) ("The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court, . . . and the Supreme Court has held that § 1983 was not intended to abrogate a State's Eleventh Amendment immunity.") (citations and internal quotation marks omitted). Accordingly, the claims alleged against the State of California are DISMISSED without leave to amend.

## III. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1. The complaint is DISMISSED without leave to amend.
2. Plaintiff's IFP application is DENIED as moot.
3. The Clerk shall close the file and terminate any pending matters.

IT IS SO ORDERED.

Dated: 4/18/2014

SAUNDRA BROWN ARMSTRONG
United States District Judge

- 4 -